IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) 2:14-CR-90-NR ) |
| v. | ) ) |
| DONALD STARKEY, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER

Before the Court is defendant Donald Starkey's motion for early termination of his supervised release [ECF 73]. For the foregoing reasons, the motion is DENIED.

The court has authority to terminate a term of supervised release at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). Whether to "cut short" a term of supervised release rests in the court's discretion. *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). In weighing a motion for early termination of supervised release, the court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—which are among the same factors the Court considered in accepting Mr. Starkey's Rule 11(c)(1)(C) plea agreement. 18 U.S.C. § 3583(e). It is Mr. Starkey's burden to show that early termination of supervised release is warranted. *United States v. Wadlington*, No. 12-457-2, 2022 WL 206173, at *1 (E.D. Pa. Jan. 24, 2022).

The Court has reviewed Mr. Starkey's motion and the government's response. Considering the parties' positions and reviewing the Section 3553 factors, the Court finds that early termination of Mr. Starkey's supervised release is not appropriate at this time. The Court concludes that a five-year term of supervised release is consistent with the Section 3553 factors, primarily for the reasons set forth in the

government's opposition [ECF 76], including, specifically, Mr. Starkey's criminal history.

Additionally, the Court considers it important and relevant that Mr. Starkey negotiated a five-year term of supervised release as part of his Rule 11(c)(1)(C) plea agreement. Upon the Court's acceptance of that plea, the parties' proposed sentence became binding on the Court. *Freeman v. United States*, 564 U.S. 522, 529 (2011), *holding modified by Hughes v. United States*, 201 L. Ed. 2d 72, 138 S. Ct. 1765 (2018). A Rule 11(c)(1)(C) plea is a bargained-for contract. *United States v. Oliver*, 589 F. Supp. 2d 39, 40 (D.D.C. 2008). To permit Mr. Starkey to shave off two of his five years of supervised release upsets the expectations of the parties to that bargain—including those of the sentencing judge that accepted it. While the Court may have the authority to upset a carefully crafted and approved bargain, it will not do so lightly, particularly in light of the Court's separate consideration of the Section 3553 factors in this case. The Court therefore declines to alter Mr. Starkey's sentence based on the present showing he has made.[1]

****

Accordingly, it is hereby **ORDERED** that Mr. Starkey's motion for early termination of his term of supervised release is **denied**.

DATED: October 5, 2022          BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] Indeed, the thrust of Mr. Starkey's argument appears to be that he has been compliant with the conditions of his supervised release through the first three years, such that an additional two years is not necessary. ECF 73, pp. 4-5. While a showing of new or extraordinary circumstances may not be a prerequisite to warrant the early termination of supervised release, *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020), something more than mere compliance *so far* is needed to meet Mr. Starkey's burden.