IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) 2:14-CR-90-NR |
| | ) |
| v. | ) |
| | ) |
| DONALD STARKEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant Donald Starkey's motion for early termination of his supervised release (ECF 78). For the following reasons, the motion is **DENIED**.[1]

Mr. Starkey brings this motion just over a year after the Court denied a prior motion for early termination of supervised release. In that prior order, the Court found that early termination of Mr. Starkey's supervised release would be inconsistent with the Section 3553 factors (specifically, considering Mr. Starkey's

---

[1] The Court has authority to terminate a term of supervised release at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). Whether to "cut short" a term of supervised release rests in the Court's discretion. *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). In weighing a motion for early termination of supervised release, the Court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—which are among the same factors the Court considered in accepting Mr. Starkey's Rule 11(c)(1)(C) plea agreement. 18 U.S.C. § 3583(e). It is Mr. Starkey's burden to show that early termination of supervised release is warranted—specifically, based on his conduct and "the interest of justice." *United States v. Wadlington*, No. 12-457-2, 2022 WL 206173, at *1 (E.D. Pa. Jan. 24, 2022).

criminal history) as well as the Rule 11(c)(1)(C) plea agreement that imposed a binding five-year term of supervised release on the sentencing judge. ECF 77.

In his current motion, Mr. Starkey argues that early termination is appropriate because he has eight months remaining on his term of supervised release, and because supervised release imposes certain burdens on him, such as mandatory meetings with supervisors and polygraph testing. ECF 78, pp. 5-6. These circumstances, however, do not establish that early termination is in the "interest of justice," as is required.

But for the passage of time and Mr. Starkey's continued compliance, nothing has changed since Mr. Starkey's first motion for early termination of supervised release. Meanwhile, the Court has the same concerns it expressed in its prior order (ECF 77), and Mr. Starkey has not shown why early termination of supervised release should be granted despite those concerns. As the Court previously stated, something more than compliance so far—even with less than a year to go—is needed for Mr. Starkey to meet his burden. ECF 77, p. 2 n.2; *United States v. Wilson*, No. 19-08, 2023 WL 2957427, at *1 (W.D. Pa. Apr. 14, 2023) (Ranjan, J.) ("[C]ompliance while on supervised release . . . standing alone is not enough.").

The Court therefore declines to alter Mr. Starkey's sentence based on the present showing he has made.

****

Accordingly, it is hereby **ORDERED** that Mr. Starkey's motion for early termination of his term of supervised release is **DENIED**.

DATED: November 28, 2023   BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge